IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNZOIL-QUAKER STATE CO., ) | |
| ) | 2:05cv1505 |
| Plaintiff, ) | Electronic Filing |
| ) | |
| v. ) | Judge David S. Cercone |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| KEITH R. SMITH, d/b/a LUBE PRO, ) | |
| ) | |
| Defendant. ) | Doc. No. 62 |
| ) | |

## MEMORANDUM ORDER

Pending before the Court is a Show Cause Order entered on March 31, 2008 (Doc. No. 51) by Judge Cercone directing counsel for Defendant to show cause why his conduct was not in violation of Rule 11(b). Also pending is a Fee Petition (Doc. No. 62) filed by Plaintiff, to which Defense Counsel has advised the Court no response will be filed.

Considering the Response to the Show Cause Order (Doc. No. 52) filed by defense counsel, together with the fact that the case has now been reopened and the Report and Recommendation originally filed by the undersigned has been reinstated and adopted by the District Court,[1] the Court finds that Defendant's conduct did not violate Rule 11(b) and no sanctions will be entered.

On July 2, 2008, the parties entered into a stipulated order in the Bankruptcy Court ("Stipulated Order") in which Plaintiff was granted relief from the automatic stay *nunc pro tunc*. In the Stipulated Order, the Bankruptcy Court approved the parties' agreement to terms relating to

---

[1]Subsequent to reinstatement of the Report and Recommendation but prior to issuance of the District Court's Order adopting it, Plaintiff stipulated to the voluntary dismissal of Count II - Federal Trademark Counterfeiting, Count IV - Federal Trademark Dilution, and Count VI - Trademark Dilution under State Law, which was approved by the District Court.

Pennzoil's claims against the Defendant/Debtor, including among others:

> [Defendant/]Debtor agrees that Pennzoil will have the right to petition the District Court for an award of attorneys' fees and other monetary relief pursuant to the R&R, and Debtor agrees not to oppose any such request for attorneys' fees;

*See Stipulated Order,* at ¶5.F. (attached to Doc. No. 53 as Ex. 1).

The Fee Petition filed by Plaintiff includes supporting documentation as to the reasonableness of the hourly rate being charged, as well as documentation of the relative experience of each of the counsel who have performed work on behalf of the Plaintiff. The Petition includes close to 300 pages of billing entries, amounting to $ 187, 637.82 in attorneys' fees and $ 13,280.60 in costs, or a total bill of $ 200,918.42. As indicated above, the Defendant objects neither to the Plaintiff's Petition nor to the amount requested.

The party requesting attorneys' fees bears the burden of establishing that his request is reasonable. *Rode v. Dellarciprete,* 892 F. 2d 1177,1183 (3d Cir. 1990). To satisfy this burden, in the requesting party is required to provide evidence supporting the hours worked and the rate claimed. *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). In a statutory fee case such as the present one, the party opposing the fee petition must present any objections, either in an affidavit or brief, with sufficient specificity to give the fee petitioner notice of the basis for its challenge to the reasonableness of the requested fee. *Id.* (citing *Bell v. United Princeton Prop., Inc.,* 884 F.2d 713 (3d Cir. 1989)). A district court is precluded from decreasing a fee award based on factors not raised by the opposing party. *Id.* (citing *Bell,* 884 F.2d at 720; other citation omitted).

In the present case, while the amount of fees requested is quite high, Plaintiff has certainly provided sufficient documentation to support its claim. In addition, Defendant has not objected to

2

either the reasonableness of the hourly rate charged or to the number of hours billed. Without any specific objections having been raised by the Defendant, it is not the Court's role to review the hundreds of pages of billing records in detail. Therefore,

**IT IS HEREBY ORDERED**, this 21st day of October, 2008, that Defendant is not required to pay sanctions pursuant to Rule 11(b) of the Federal Rules of Civil Procedure;

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Attorney Fees is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $ 187,637.82, and costs in the amount of $13,280.60.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

_____
LISA PUPO LENIHAN
U.S. Magistrate Judge

cc:　　Honorable David Stewart Cercone
　　　　United States District Judge

　　　　All Counsel of Record
　　　　*Via Electronic Mail*

3